UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

              v.                                    No. 00-4001

STEVEN CARR,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-246)

Submitted: September 26, 2000

Decided: October 30, 2000

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

───────────────────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────────────────────

### COUNSEL

Scott E. Bratton, Cincinnati, Ohio, for Appellant. Mark T. Calloway, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────────────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Steven D. Carr appeals his convictions and 360 month sentence for conspiracy to possess with intent to distribute cocaine base, two counts of possession with intent to distribute cocaine base and aiding and abetting, and possession with intent to distribute cocaine base. Although we affirm Carr's convictions, we vacate his sentence and remand for resentencing for the reasons discussed below.

Carr contends that the evidence was insufficient to support his conviction for conspiracy. A reviewing court must uphold a jury's verdict if the evidence, when viewed in the light most favorable to the government, is sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). We have reviewed the record and find that substantial evidence supports Carr's conviction for conspiracy.

While this appeal was pending, the Supreme Court, in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), held as a principle of constitutional law that, except for "the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362-63. In this case, the amount of cocaine base was not alleged in the indictment or submitted to the jury, and Carr must therefore be sentenced without reference to drug quantity. Pursuant to 21 U.S.C.A. § 841(b)(1)(C) (West 1999), the maximum sentence Carr faces is twenty years with a term of not less than three years supervised release. *See United States v. Angle*, No. 96-4662, 2000 WL 1515159, *10 (4th Cir. Oct. 12, 2000) ("Where no drug quantity is charged in the indictment or found by a jury, but a jury has found a violation of § 841(a), the standard statutory term of imprisonment is not more than twenty years."). Because the imposed sentence exceeds the applicable statutory maximum of twenty years, we are constrained to vacate the sentence and remand for resentencing.

We therefore affirm Carr's convictions, vacate his sentence, and remand for resentencing in light of *Apprendi* and *Angle*. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*

*IN PART, AND REMANDED*